UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Mohammed Jaffery, on behalf of himself and others similarly situated,

    Plaintiff,

vs.

Emblemhealth Plan, Inc.,

    Defendant.

---

CIVIL ACTION

No.: 1:23-cv-522 (TJM/DJS)

Jury Trial Demanded

# CLASS ACTION COMPLAINT

## Nature of the Action

1. Mohammed Jaffery ("Plaintiff") brings this class action against Emblemhealth Plan, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to cellular telephone numbers, in connection with which it used an artificial or prerecorded voice, without prior express consent, in

1

that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that did not belong to the intended recipients of Defendant's calls. *Accord Sterling v. Mercantile Adjustment Bureau, LLC*, No. 11–cv–639, 2014 WL 1224604, at *3 (W.D.N.Y. Mar. 25, 2014) ("Since Jane Doe no longer uses the cellular telephone number at issue, her privacy cannot possibly be invaded by MAB's automated calls to that number, nor could her previous consent excuse the invasion of the *current* user's privacy.").

## Jurisdiction

4.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) where a substantial part of the events giving rise to this action occurred in this District.

6.  Upon information and belief, Defendant maintains call centers in this District, and Defendant directed a substantial number of its calls and prerecorded voice messages to Plaintiff from this District.

## Parties

7.  Plaintiff is a natural person who at all relevant times resided in Queens, New York.

8.  Defendant is a New York corporation with headquarters in New York, New York.

9.  Defendant is a health and wellness company that provides insurance plans, primary and specialty care, and wellness solutions, and serves more than three million people in the New York tristate area.[1]

---

[1]   *See* https://www.emblemhealth.com/about/our-story (last accessed April 24, 2023).

**Factual Allegations**

10. In an attempt to contact a person other than Plaintiff, Defendant placed numerous calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-4392.

11. Defendant began placing calls and delivering artificial or prerecorded voice messages to telephone number (XXX) XXX-4392 as early as October 2020.

12. For instance, on October 17, 2020, Defendant placed a call and delivered the following prerecorded voice message to telephone number (XXX) XXX-4392:

> Hello, this is EmblemHealth calling for David Jennings. We have some important information to share with you about your coverage. Please call us back 24 hours a day, seven days a week toll free at 1-833-804-8344. Again, the number is 1-833-804-8344. TTY users should call 711. Thank you and have a good day. Goodbye.

13. On October 20, 2020, Defendant placed a call and delivered the following prerecorded voice message to telephone number (XXX) XXX-4392:

> Hello, this is EmblemHealth calling again for David Jennings. We are trying to reach you again because there are a few important things we need to go over about your coverage. Please call us back 24 hours a day, seven days a week toll free at 1-833-804-8344. Again, the number is 1-833-804-8344. TTY users should call 711. Thank you and have a good day. Goodbye.

14. On October 24, 2020, Defendant placed a call and delivered the following prerecorded voice message to telephone number (XXX) XXX-4392:

> Hello, this is EmblemHealth calling for David Jennings. We are calling again because we need some important member information from you. Please call us back 24 hours a day, seven days a week toll free at 1-833-804-8344. Again, the number is 1-833-804-8344. TTY users should call 711. Thank you and have a good day. Goodbye.

15. On January 13, 2023, Defendant placed a call and delivered the following prerecorded voice message to telephone number (XXX) XXX-4392:

> Hello, this is EmblemHealth calling David Jennings with important information from your health plan. Please contact us at 1-877-765-9490. When returning our call

3

you'll be asked to use the following pin number, 2603892 to ensure we are speaking to the correct person. Thank you. Goodbye.

16. Defendant also placed calls and delivered similar prerecorded voice messages intended for David Jennings to telephone number (XXX) XXX-4392 on November, 11, 2020, November 14, 2020, March 19, 2021, June 8, 2021, June 11, 2021, June 14, 2021, August 16, 2021, August 19, 2021, August 23, 2021, April 20, 2022, April 22, 2022, April 25, 2022, May 4, 2022, September 23, 2022, September 26, 2022, September 28, 2022, December 21, 2022, December 23, 2022, December 26, 2022, January 4, 2023, and a second time on January 13, 2023.

17. The messages are generic—*i.e.*, Defendant delivered the exact same message to telephone number (XXX) XXX-4392 on several occasions—and the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

18. In addition, the messages contain two different voices, one for the body of the message and a different voice that says the name "David Jennings."

19. Given the generic nature of the messages, the content of the messages, and the number of messages delivered, the messages Defendant delivered to telephone number (XXX) XXX-4392 were prerecorded in nature.

20. Plaintiff is, and at all relevant times was, the sole and customary user of telephone number (XXX) XXX-4392.

21. From at least 2020 through the present, telephone number (XXX) XXX-4392 was assigned to a cellular telephone service.

22. In total, and from 2020 to the present, Defendant placed at least 25 calls to telephone number (XXX) XXX-4392.

4

23. In total, and from 2020 to the present, Defendant delivered to Plaintiff an artificial or prerecorded voice message in connection with at least 25 of its calls to telephone number (XXX) XXX-4392.

24. Plaintiff listened to the artificial or prerecorded voice messages that Defendant delivered to telephone number (XXX) XXX-4392.

25. On several occasions in approximately 2021 and 2022, Plaintiff answered Defendant's call, spoke with a live agent, and advised Defendant that he was not David Jennings, that Defendant was calling the wrong number, and that it should stop calling him.

26. No matter, Defendant continued thereafter to place calls and deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-4392 to reach David Jennings.

27. Defendant's records will identify each call it placed to telephone number (XXX) XXX-4392.

28. Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (XXX) XXX-4392.

29. Defendant did not have Plaintiff's prior express consent to place any calls to telephone number (XXX) XXX-4392 for David Jennings.

30. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-4392 for David Jennings.

31. Plaintiff does not know anyone by the name of David Jennings.

32. Defendant did not place any calls to telephone number (XXX) XXX-4392 for emergency purposes.

33. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-4392 under its own free will.

34. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (XXX) XXX-4392.

35. Plaintiff suffered actual harm as a result Defendant's calls and prerecorded voice messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

37. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons throughout the United States (1) to whom Emblemhealth Plan, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) in connection with which Emblemhealth Plan, Inc. used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification, (5) where the call regarded an account or plan that did not belong to the call recipient, or the call recipient's spouse or child.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

39. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

40. The proposed class is ascertainable because it is defined by reference to objective criteria.

41. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

42. Plaintiff's claims are typical of the claims of the members of the class because all the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

43. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.

44. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

45. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

46. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

47. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

48. There will be little difficulty in the management of this action as a class action.

Case 1:23-cv-00522-ECC-DJS   Document 1   Filed 04/27/23   Page 8 of 9

49. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

50. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Defendant is liable for artificial and prerecorded messages it delivers to persons regarding accounts that are not theirs; and

   e. the availability of statutory damages.

51. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

52. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-51.

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number intended for David Jennings, without Plaintiff's consent.

54. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

8

    (a)    Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

    (b)    Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

    (c)    Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

    (d)    Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

    (e)    Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: April 27, 2023

*/s/ James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class