UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MOHAMMED JAFFERY, on behalf of
himself and others similarly situated,

                           Plaintiff,

    v.                                                      1:23-cv-522 (BKS/DJS)
HEALTH INSURANCE PLAN OF
GREATER NEW YORK,

                           Defendant.
_____

**Chief United States District Court Judge Brenda K. Sannes**[1]

## DECISION & ORDER

### I. INTRODUCTION

Mohammed Jaffery ("Plaintiff") brings this putative class action against Health Insurance Plan of Greater New York ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Am. Compl., ECF 19. Defendant moves pursuant to Federal Rule of Civil Procedure 12(f) to strike the Amended Complaint's class allegations. *See* ECF 26. Plaintiff opposes the motion, ECF 29, and files supplemental authority which he contends supports his opposition. *See* ECF 32, 34, 35, 36. Defendant files a reply. ECF 33.

The Court will decide the motion based upon the parties' submissions and without oral argument. For the following reasons, the motion is denied.

### II. BACKGROUND

---

[1] This case was originally assigned to the Hon. Thomas J McAvoy, Senior U.S. District Judge, and has been reassigned to the undersigned.

1

Plaintiff alleges that Defendant, an insurance company that serves customers in New York and Connecticut, Am. Compl. ¶ 9, routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to cellular telephone numbers during which it used an artificial or prerecorded voice, without prior express consent. *Id*. ¶ 3.[2]  In this regard, Plaintiff contends that Defendant "repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that did not belong to the intended recipients of Defendant's calls." *Id*.

Plaintiff alleges that starting in or around October 2020, and in an attempt to reach David Jennings—a person whom Mr. Jaffery does not know—Defendant began placing calls to Mr. Jaffery's cellular telephone number.  *Id.* ¶ 11; *see id.* ¶ 31 ("Plaintiff does not know anyone by the name of David Jennings."). Plaintiff contends that in connection with a number of those calls, Defendant delivered artificial or prerecorded voice messages. *Id.* ¶¶ 12-16. Plaintiff maintains that "[o]n several occasions in approximately 2021 and 2022, [he] answered Defendant's call, spoke with a live agent, and advised Defendant that he was not David Jennings, that Defendant was calling the wrong number, and that it should stop calling him." *Id.* ¶ 25.  "No matter," Plaintiff

---

[2] Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

  It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

  (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

  *****

  (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

2

contends, "Defendant continued thereafter to place calls and deliver artificial or prerecorded voice messages to [him] in an attempt to reach David Jennings." *Id.* ¶ 26.

Plaintiff asserts that "Defendant did not have Plaintiff's prior express consent to place any calls to [Plaintiff's telephone number] for David Jennings," *id.* ¶ 29; "Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to [Plaintiff's telephone number] for David Jennings," *id.* ¶ 30; "Defendant did not place any calls to [Plaintiff's telephone number] for emergency purposes," *id.* ¶ 32; "Defendant placed its calls and delivered artificial or prerecorded voice messages to [Plaintiff's telephone number] under its own free will," *id.* ¶ 33; and "Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to [Plaintiff's telephone number]." *Id.* ¶ 34. Plaintiff contends that he suffered actual harm because of Defendant's calls and prerecorded voice messages in that he "suffered an invasion of privacy, an intrusion into his life, and a private nuisance," *id.* ¶ 35, and that he "found the artificial or prerecorded voice messages to be irritating and invasive," *id.* ¶ 36.  Plaintiff asserts that, "[u]pon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service." *Id.* ¶ 37.

Plaintiff brings this case as a proposed class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and others similarly situated.  He defines the proposed class as:

> All persons throughout the United States (1) to whom Health Insurance Plan of Greater New York placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) in connection with which Health Insurance Plan of Greater New York used an artificial or prerecorded

3

voice, (4) from August 8, 2019 through the date of class certification, (5) where the call regarded an account or plan that did not belong to the call recipient.

*Id.* ¶ 38. Plaintiff makes allegations relative to the Federal Rule of Civil Procedure 23 requirements for class certification. *See id.* ¶¶ 39-52.[3]

Defendant moves pursuant to Federal Rule of Civil Procedure 12(f) to strike the Amended Complaint's class allegations because, Defendant contends, "it is clear on the face of the Amended Complaint that Plaintiff cannot meet his burden of satisfying the

---

[3] Plaintiff alleges:

39. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.
40. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.
41. The proposed class is ascertainable because it is defined by reference to objective criteria.
42. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.
43. Plaintiff's claims are typical of the claims of the members of the class because all the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.
44. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.
45. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.
46. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.
47. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.
48. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.
49. There will be little difficulty in the management of this action as a class action.
50. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.
51. Among the issues of law and fact common to the class are:
   a. Defendant's violations of the TCPA as alleged in this class action complaint; b. Defendant's use of an artificial or prerecorded voice in connection with its calls; c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers; d. Whether Defendant is liable for artificial and prerecorded messages it delivers to persons regarding accounts that are not theirs; and e. the availability of statutory damages.
52. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

Am. Compl. ¶¶ 39-52.

elements of Rule 23." ECF 26-1, at 15.  Defendant argues that the Court should strike Plaintiff's class definition because "Plaintiff faces an unresolvable problem: either (i) his class definition fails because it generates at least four sets of individualized inquiries into class membership and liability; (ii) his class definition is impermissibly overbroad; or (iii) it becomes an improper fail-safe class." *Id.*

Plaintiff opposes the motion, contending that the Court should deny it for several reasons. *See generally*, ECF 29.  Plaintiff argues: (1) "Defendant has not met, and cannot meet, its extremely high burden of establishing that the proposed TCPA class 'cannot be certified,'" contending that Defendant's position that "it is impossible for Mr. Jaffery to certify his proposed class is diametrically at odds with decisions from courts across the country certifying materially similar proposed classes after an opportunity for discovery and full briefing;" (2) "Defendant's motion to strike rests on the false premise that the class definition contained in an initial complaint dictates the exact contours of the class that may ultimately be certified. That is, even assuming Defendant correctly points out flaws in Mr. Jaffery's proposed class definition, . . . because Mr. Jaffery gives adequate notice under Rule 8(a) of the claim being asserted, the class definition contained in the complaint is not sacrosanct and may be modified based on facts learned through discovery as the case progresses. . . .  Striking the complaint's class allegations at this early stage is therefore improper;" and (3) "[W]hile styled as a motion to strike under Rule 12(f), . . .  Defendant does not simply attack the sufficiency of Mr. Jaffery's proposed class definition.  Rather, without the benefit of a full record and complete discovery, Defendant makes unsupported factual assertions and argues that, accepting *its* assertions as true, this Court should not certify Mr. Jaffery's proposed

class. But such arguments are premature and inappropriate on a motion to strike." *Id.* at 9-10 (emphasis in original). Plaintiff further argues that, "[a]t bottom, this Court should allow Mr. Jaffery a reasonable opportunity to conduct class discovery before addressing whether he satisfies the elements of Rule 23." *Id.* at 10.

IV.    **DISCUSSION**

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike under Rule 12(f) are rarely successful." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) (citing *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) ("Courts rarely grant motions to strike pursuant to [Rule] 12(f)."); *Emilio v. Sprint Spectrum L.P.,* 68 F. Supp. 3d 509, 514 (S.D.N.Y. 2014) ("Motions to strike are viewed with disfavor and infrequently granted.")). This is particularly true in the context of motions to strike class allegations where, as here, no discovery has taken place.

"In general, motions to strike class allegations are strongly disfavored because they require 'a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" *Jackson v. Madison Sec. Grp., Inc.*, No. 21-CV-8721 (JGK), 2022 WL 4538290, at *4 (S.D.N.Y. Sept. 28, 2022) (quoting *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)). As the Southern District of New York wrote:

> [Rule] 23(c)(1)(A) calls for a determination whether to certify the action as a class action at an early practicable time after a person sues as a class

> representative." [*Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015)] (cleaned up). A motion to strike class allegations is generally "procedurally premature" and disfavored because it requires courts preemptively to evaluate the class aspects of litigation solely on the allegations in the complaint and before a plaintiff is permitted to complete discovery to which he would otherwise be entitled on questions relevant to class certification. *See Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *Chenensky v. New York Life Ins. Co.*, No. 07-CV-11504 (WHP), 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011)).

*Pozo v. BlueMercury, Inc.*, No. 22-CV-7382 (VEC), 2023 WL 4980217, at *7 (S.D.N.Y. Aug. 3, 2023) (footnote omitted).  As a result, "district courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage," when the court has before it a more complete factual record from which to make its determination. *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012)(citations omitted); *see Ramos v. Apple Inc.*, No. 7:22-CV-02761 (NSR), 2023 WL 5803739, at *3 (S.D.N.Y. Sept. 6, 2023) ("Moreover, class discovery will serve to refine the class and the allegations and to aid the Court in determining whether class certification is appropriate. As such, this Court declines to strike Plaintiffs' class allegations at this time.") (cleaned up).

To succeed on its motion, Defendant must "demonstrate from the face of the complaint that it would be impossible to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery." *Mayfield v. Asta Funding Inc.*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015); *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511-512 (S.D.N.Y. 2015).  Defendant has not met this extremely high burden.

While Defendant insists that Mr. Jaffery cannot satisfy Rule 23 with respect to his proposed class, certification of TCPA class actions is relatively commonplace, as the

elements needed to prove a violation of the TCPA, and the TCPA's damages scheme, lend themselves to class-wide proof. As the Fourth Circuit explained:

> Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition. In enacting the law, Congress sought to deter an activity that, while pernicious and disruptive, does not trigger extensive liability in any single case. Since few individuals would have an incentive to bring suit, no matter how frustrated they were with the intrusion on their privacy, the TCPA opted for a model that allows for resolution of issues without extensive individual complications.

*Krakauer v. Dish Network, LLC*, 925 F.3d 643, 656 (4th Cir. 2019); *see also Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients.").

Indeed, as Plaintiff points out, courts have certified numerous class actions like this one based on violations of the TCPA for calls to wrong or reassigned cellular telephone numbers. *See, e.g., Head v. Citibank, Inc.*, 340 F.R.D. 145, 157 (D. Ariz. 2022) (certifying, over the defendant's objection, a wrong number TCPA class); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 247 (D. Ariz. 2019) (same); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 302 (D. Utah 2021) (same); *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 307 (N.D. Cal. 2017) (same). Plaintiff recognizes that his proposed class definition may require some modification "based on information revealed in discovery," ECF 29 at 15, but he argues that in light of the numerous cases that have certified relatively similar classes, it is not impossible to certify a TCPA class here. The Court agrees with Plaintiff.

As Plaintiff argues, even assuming that Plaintiff's proposed class definition has flaws, because the "'complaint gives adequate notice of the claim being asserted, the

8

definition contained in the complaint does not dictate the exact class that can be certified, nor does it prevent modifications of the class definition after certification.'" ECF 29 at 16 (quoting *Webb v. Circle K Stores Inc.*, No. CV-22-00716-PHX-ROS, 2022 WL 16649821, at *2 (D. Ariz. Nov. 3, 2022)). Rather, the proper stage for fine-tuning the class definition is the certification stage, not the pleading stage. *See Carr v. Johnson & Johnson Consumer Inc.*, No. 21-CV-6557 (EK), 2023 WL 3504662, at *5 (E.D.N.Y. May 17, 2023) ("Striking class allegations based on the putative class definition runs counter to the general principle that, at the certification stage, '[a] court is not bound by the class definition proposed in the complaint.'") (quoting *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993)); *see id.* at *6 ("'[C]oncerns about the potential 'fail-safe' nature of the proposed class are best resolved at the class certification stage, not through a motion to strike.'") (quoting *Owens v. Starion Energy, Inc.*, No. 16-CV-01912, 2017 WL 2838075, at *9 (D. Conn. June 30, 2017)); *see also In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("Second, holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition. District courts are permitted to limit or modify class definitions to provide the necessary precision.").

For these reasons, Defendant's motion will be denied, and Defendant can press its arguments challenging class certification at the certification stage. Furthermore, granting Defendant's motion would not resolve the challenged issues because "if the Court were to dismiss the plaintiff's class allegations at this time, the plaintiff would be given an opportunity to replead." *Jackson*, 2022 WL 4538290, at *4. The motion is

denied and the matter is referred to Judge Stewart to frame adequate class discovery before the case proceeds to the class certification stage.

## V. CONCLUSION

Accordingly, Defendant's motion to strike the class allegations in the Amended Complaint, ECF 26, is **DENIED**. The matter is referred to Judge Stewart to frame adequate class discovery before the case proceeds to the class certification stage.

**IT IS SO ORDERED.**

Dated: September 18, 2024

Brenda K. Sannes
Chief U.S. District Judge